## (March 6, 1969)

■ FREDERIC S. BERMAN, as Deputy Administrator Commissioner of the Department of Rent and Housing Maintenance, Respondent, v. LOREMADY REALTY CORP. et al., Appellants.— Judgment (called order) entered June 11, 1968, unanimously modified on the law and facts by striking therefrom the word "wilfully" contained in its preamble and first decretal paragraph; changing the word "fines" to "fine" in the third from last line of its final decretal paragraph as printed in the record and deleting therefrom its fourth and fifth decretal paragraphs; and otherwise affirmed, without costs or disbursements. (For this purpose we do not consider the paragraph ordering the granting of the so-called motion decretal.) By this proceeding, appellant Meerbaum was charged with committing both criminal and civil contempt. The recitations in the second decretal paragraph and the punishment imposed, however, were consistent only with an adjudgment of civil contempt (Judiciary Law, § 754), a conclusion supported by appellants' conceded failure to comply with the original consent judgment. While Meerbaum's allegations of inability to comply because of ill health and lack of finances were sufficient to require a trial as to his wilfullness, a requisite to conviction of criminal contempt (CPLR 409, 410), no useful purpose will be served nor will any party be benefited by our directing a trial of that issue. In undertaking to impose additional daily fines for future failure to comply with the judgment, Special Term acted without authority. (Judiciary Law, § 773; *Levine* v. *97 Realty Corp.*, 21 A D 2d 655.) Concur — Stevens, P. J., Tilzer, McGivern, Nunez and Macken, JJ.